### 30274. HOOD v. THE STATE.

BROYLES, C. J. 1. The evidence, while circumstantial, amply authorized the defendant's conviction of the crime charged (making whisky), and was sufficient to exclude every other reasonable hypothesis.

2. The evidence showed that the distillery when in operation was not fired up by wood or charcoal, as stills usually are, but was fired up by some kind of gas. A witness for the State was permitted to testify that the defendant had operated other distilleries that were fired up by gasoline and oil. The court admitted the evidence and instructed the jury, in effect, that they should consider it only if it tended to show a scheme, plan, motive, or intent by the defendant to make whisky at the particular still as charged in the indictment, and that they should disregard the evidence if it did not illustrate any such scheme, plan, motive, or intent. The only objection to the evidence was "that it is highly prejudicial, immaterial, and inadmissible." Under the facts of the case, the admission of the evidence was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED NOVEMBER 4, 1943. REHEARING DENIED NOVEMBER 23, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.